Guzman-Guzman v. Holder

BIA
Verrillo, IJ
A200 689 052

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

MANUEL GUZMAN-GUZMAN,
> *Petitioner,*

v.                                                          12-1794
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gregory C. Osakwe, Hartford, CT.

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy, Assistant Attorney General; Shelley R. Goad, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manuel Guzman-Guzman, a native and citizen of Ecuador, seeks review of an April 6, 2012, order of the BIA affirming the August 8, 2011, decision of Immigration Judge ("IJ") Philip Verrillo, denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Manuel Guzman-Guzman*, No. A200 689 052 (B.I.A. Apr. 6, 2012), *aff'g* No. A200 689 052 (Immig. Ct. Hartford, Aug. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As the agency concluded, Guzman-Guzman failed to demonstrate that he would be persecuted on account of his

2

membership in a social group.  Guzman-Guzman argues that he will be persecuted by gang members in Ecuador due to his membership in a social group defined as "perceived wealthy Ecuadorians."  The BIA has long interpreted the term social group to mean "a group of persons all of whom share a common, immutable characteristic."  *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985).  An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences."  *Id*.  A particular social group "is comprised of individuals who possess some fundamental characteristic in common which serves to distinguish them in the eyes of a persecutor-or in the eyes of the outside world in general."  *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007).

In order to be sufficiently visible, a group must also have "well-defined boundaries"; accordingly, "relative and subjective" descriptors will not suffice.  *Id.* at 73-74 (the group "wealthy Guatemalans" is not cognizable because wealth is a relative term).  Neither "wealth" nor "perceived wealth"  serves as the boundary of a cognizable social group.  *Id*. at 73.  Accordingly, because Guzman-Guzman

3

defined the social group of which he was a part as "perceived wealthy Ecuadorians," the agency did not err in finding him ineligible for withholding of removal because he failed to demonstrate a nexus to a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); *Ucelo-Gomez*, 509 F.3d at 73.

As to Guzman-Guzman's CAT claim, the IJ found that he failed to demonstrate a clear probability of torture, or that the Ecuadorian government would acquiesce to his torture. CAT relief requires that government officials perform the acts of torture or "know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). Because Guzman-Guzman presented no evidence showing that Ecuadorian officials would consent or acquiesce in his torture, we find no error in the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk